**Case Nos. 24-7037, 24-7312**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE: SOCIAL MEDIA ADOLESCENT ADDITION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION

PERSONAL INJURY PLAINTIFFS; *et al.*,
*Plaintiffs-Appellees*,

v.

META PLATFORMS, INC., f/k/a Facebook, Inc.; *et al.*,
*Defendants-Appellants*.

PERSONAL INJURY PLAINTIFFS; *et al.*,
*Plaintiffs-Appellees*,

v.

TIKTOK LLC; *et al.*,
*Defendants-Appellants*.

Appeal from the United States District Court
for the Northern District of California, Oakland Division
Hon. Yvonne Gonzalez Rogers
Case No. 4:22-md-3047 (MDL No. 3047)

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF
MOTION TO DISMISS APPEALS FOR LACK OF JURISDICTION
AND OPPOSITION TO MOTION TO DISMISS CONDITIONAL CROSS-
APPEAL**

Lexi J. Hazam
LIEFF CABRASER HEIMANN &
 BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
lhazam@lchb.com

Previn Warren
MOTLEY RICE LLC
401 9th Street NW, Suite 630
Washington, DC 20004
Telephone: (202) 232-5504
pwarren@motleyrice.com

*MDL Co-Lead Counsel for Plaintiffs-Appellees
Personal Injury Plaintiffs and School District Plaintiffs*

-ii-

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................1

    I.    Section 230 Does Not Confer Immunity from Suit. ...........................1

        A.    Defendants cannot rely on inapposite dicta for their sweeping expansion of the collateral-order doctrine. ................2

        B.    By its text, Section 230 is a routine preemption provision, not an immunity from suit........................................................5

    II.    The Collateral-Order Factors Do Not Otherwise Support This Appeal.......................................................................................7

        A.    The District Court's orders are not effectively unreviewable. ..............................................................................7

        B.    The District Court has not conclusively determined the issue on appeal. ..........................................................................9

        C.    The issue Defendants seek to appeal is not separate from the merits............................................................................9

    III.    The Court Should Not Dismiss Plaintiffs' Conditional Cross-Appeal...............................................................................................10

CONCLUSION....................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arc of California v. Douglas*,
 757 F.3d 975 (9th Cir. 2014) ..................................................................10

*Barnes v. Yahoo!, Inc.*,
 570 F.3d 1096 (9th Cir. 2009) ..................................................................3

*Estate of Bride ex rel. Bride v. YOLO Technologies, Inc.*,
 112 F.4th 1168 (9th Cir. 2024) ..............................................................3, 5

*Carafano v. Metrosplash.com, Inc.*,
 339 F.3d 1119 (9th Cir. 2003) ...............................................................2, 3

*Childs v. San Diego Family Housing LLC*,
 22 F.4th 1092 (9th Cir. 2022) ...................................................................8

*DC Comics v. Pacific Pictures Corp.*,
 706 F.3d 1009 (9th Cir. 2013) ..................................................................6

*Doe I v. Burton*,
 85 F.3d 635, 1996 WL 252825 (9th Cir. 1996) (unpublished) ..........................10

*Doe v. Internet Brands, Inc.*,
 824 F.3d 846 (9th Cir. 2016) ....................................................................3

*Does 1-6 v. Reddit*,
 51 F.4th 1137 (9th Cir. 2022) ...................................................................3

*Dyroff v. Ultimate Software Group, Inc.*,
 934 F.3d 1093 (9th Cir. 2019) ..................................................................3

*East Bay Sanctuary Covenant v. Trump*,
 950 F.3d 1242 (9th Cir. 2020), *reh'g en banc denied, amended in other part sub nom. East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021) ...............................................................................4

## TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC*,
   521 F.3d 1157 (9th Cir. 2008) (en banc) ............................................................. 3

*G.G. v. Salesforce.com, Inc.*,
   76 F.4th 544 (7th Cir. 2023) ................................................................................. 2

*General Steel Domestic Sales, L.L.C. v. Chumley*,
   840 F.3d 1178 (10th Cir. 2016) ................................................................... *passim*

*Green v. Miss United States of America, LLC*,
   52 F.4th 773 (9th Cir. 2022) ................................................................................. 7

*Greensprings Baptist Christian Fellowship Trust v. Cilley*,
   629 F.3d 1064 (9th Cir. 2010) ............................................................................. 9

*Greenwood v. F.A.A.*,
   28 F.3d 971 (9th Cir. 1994) ............................................................................... 10

*Guerrero v. RJM Acquisitions LLC*,
   499 F.3d 926 (9th Cir. 2007) ............................................................................... 3

*Hampton v. California*,
   83 F.4th 754 (9th Cir. 2023) ................................................................................. 6

*Jones v. Dirty World Entertainment Recordings LLC*,
   755 F.3d 398 (6th Cir. 2014) ............................................................................... 3

*Jones v. Dirty World Entertainment Recordings LLC*,
   No. 12-5133 (6th Cir. May 9, 2012) .................................................................... 9

*Kimzey v. Yelp! Inc.*,
   836 F.3d 1263 (9th Cir. 2016) ............................................................................. 3

*Klayman v. Zuckerberg*,
   753 F.3d 1354 (D.C. Cir. 2014) ........................................................................... 3

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Lemmon v. Snap, Inc.*,
   995 F.3d 1085 (9th Cir. 2021) ...................................................................... 5

*Midland Asphalt Corp. v. United States*,
   489 U.S. 794 (1989) ................................................................................ 4, 6

*Mohawk Industries, Inc. v. Carpenter*,
   558 U.S. 100 (2009) ................................................................................... 7

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
   591 F.3d 250 (4th Cir. 2009) ...................................................................... 3

*Nunag-Tanedo v. East Baton Rouge Parish School Board*,
   711 F.3d 1136 (9th Cir. 2013) ................................................................. 6, 8

*O'Kroley v. Fastcase, Inc.*,
   831 F.3d 353 (6th Cir. 2016) ...................................................................... 3

*Pistor v. Garcia*,
   791 F.3d 1104 (9th Cir. 2015) .................................................................... 6

*Segni v. Commercial Office of Spain*,
   816 F.2d 344 (7th Cir. 1987) ................................................................... 4, 8

*SolarCity Corp. v. Salt River Project Agricultural Improvement &
   Power District*,
   859 F.3d 720 (9th Cir. 2017) .............................................................. 1, 5, 7

*United States v. Academy Mortgage Corp.*,
   968 F.3d 996 (9th Cir. 2020) ................................................................... 7, 8

*United States v. Pangang Group Co.*,
   6 F.4th 946 (9th Cir. 2021) ......................................................................... 6

*Will v. Hallock*,
   546 U.S. 345 (2006) ................................................................................ 7, 8

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Zango, Inc. v. Kaspersky Lab, Inc.*,
  568 F.3d 1169 (9th Cir. 2009) ...........................................................................2

*Zeran v. America Online, Inc.*,
  958 F. Supp. 1124 (E.D. Va.), *aff'd*, 129 F.3d 327 (4th Cir. 1997) ......................5

**Statutes**

42 U.S.C. § 247d-6d(a)(1) ......................................................................................6

47 U.S.C. § 230(c)(1) ..............................................................................................6

# INTRODUCTION[1]

No court has ever held that Section 230 of the Communications Decency Act confers complete immunity from suit entitling litigants to interlocutory appeal. This by itself demonstrates there is no jurisdiction over this purported appeal, brought by two social media companies whose motions to dismiss on Section 230 grounds were denied in part. These would-be appellants have no response to this indisputable fact. Instead, they seek refuge in selective dicta while avoiding on-point case law that rejects their sweeping expansion of appellate jurisdiction. The Court should dismiss this appeal.

# ARGUMENT

## I. Section 230 Does Not Confer Immunity from Suit.

The Parties agree on one basic point: under the collateral-order doctrine, only "interlocutory denials of certain particularly important immunities from suit" are subject to immediate appeal. *SolarCity Corp. v. Salt River Proj. Agric. Improv. & Power Dist.*, 859 F.3d 720, 725 (9th Cir. 2017). Unfortunately for Defendants, the District Court's orders at issue do not fall into this category because those orders rejected Defendants' assertions of "mere immunities from liability." *Id.*

---

[1] For sake of brevity, this brief refers to Defendants-Appellants (the Meta and TikTok entity defendants in this MDL) as "Defendants," and Plaintiffs-Appellees (the Personal Injury Plaintiffs and School District Plaintiffs) as "Plaintiffs." Plaintiffs cite the Meta Defendants' Opposition Brief (Dkt. 73.1 in No. 24-7037) as "Opp'n," and Plaintiffs' Motion to Dismiss (Dkt. 43.1 in No. 24-7307) as "Mot."

As Plaintiffs pointed out in their Motion, every court to consider this question has held that Section 230 does not confer "immunity from suit." *Gen. Steel Domestic Sales, L.L.C. v. Chumley*, 840 F.3d 1178, 1181 (10th Cir. 2016); *see also G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 566 (7th Cir. 2023) (Section 230 "does not create an immunity of any kind"). Defendants rely almost entirely on the fact that this Court has on occasion described in dicta Section 230 as providing "immunity from suit." They also say the text of Section 230 renders it an immunity from suit. Defendants are wrong on both counts.

### A. Defendants cannot rely on inapposite dicta for their sweeping expansion of the collateral-order doctrine.

This Court has never held that Section 230 confers complete immunity from suit entitling litigants to interlocutory appeal. Instead, the Court has on rare occasion used the phrase "immunity from suit" to describe Section 230 in dicta. These incidental descriptions of Section 230 as providing immunity from "suit" were not holdings because, in every instance, the Ninth Circuit was reviewing a final judgment following the grant of Section 230 immunity. *See, e.g.*, *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1122 (9th Cir. 2003) (appeal of grant of summary judgment in defendant's favor); *Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1170 (9th Cir. 2009) (same). The collateral-order doctrine simply did not apply. As this Court has held repeatedly, "unstated assumptions on non-

litigated issues are not precedential holdings binding future decisions." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938 (9th Cir. 2007).[2]

Additionally, in nearly every case Defendants cite, the Court also described Section 230 as an immunity from "liability," which all Parties agree is insufficient to trigger the collateral-order doctrine. *See, e.g.*, *Est. of Bride ex rel. Bride v. YOLO Techs., Inc.*, 112 F.4th 1168, 1175 (9th Cir. 2024) ("[Section] 230 protects apps and websites . . . from liability . . . ."); *Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc) ("Section 230 of the CDA immunizes providers of interactive computer services against liability arising from content created by third parties[.]"); *Carafano*, 339 F.3d at 1122 (stating that Section 230 grants "immunity from liability"). Indeed, this Court routinely describes and construes Section 230 as a "statutory bar on liability." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100 (9th Cir. 2009).[3] Defendants do not address this point, even though Plaintiffs raised it in their motion. Mot. at 7

---

[2] This is also the case for Defendants' out-of-circuit citations. *Klayman v. Zuckerberg*, 753 F.3d 1354 (D.C. Cir. 2014) (appeal of order granting motion to dismiss); *O'Kroley v. Fastcase, Inc.*, 831 F.3d 353 (6th Cir. 2016) (same); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009) (same); *Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398 (6th Cir. 2014) (appeal of final judgment and denial of motion for judgment as matter of law following trial).

[3] *See also, e.g.*, *Does 1-6 v. Reddit*, 51 F.4th 1137, 1139 (9th Cir. 2022) ("immunity from liability"); *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1098 (9th Cir. 2019) ("immunity from liability"); *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1270 (9th Cir. 2016) ("immune from liability"); *Doe v. Internet Brands, Inc.*, 824 F.3d 846, 860 (9th Cir. 2016) ("precludes liability").

n.7. Thus, to the extent Defendants' dicta-first argument has any relevance, it favors Plaintiffs.

Regardless, while dicta may in certain circumstances be persuasive authority, that is plainly not the case here. Whether Section 230 is an immunity from "suit" was not "germane to the eventual resolution" of any of Defendants' cited cases and, as such, the Court of Appeals could not have "reached [this issue] after reasoned consideration." *E. Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1262 (9th Cir. 2020) (quotation marks omitted), *reh'g en banc denied, amended in other part sub nom. E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640 (9th Cir. 2021). Defendants make this plain by citing to a raft of **district court** decisions, none of which – by definition – addressed the jurisdiction of this Court under the collateral-order doctrine. Opp'n at 8 n.3, 11–12.

In contrast, the Tenth Circuit rejected Defendants' exact argument. That court held language from a prior decision describing Section 230 as an immunity "from suit" was irrelevant, as the collateral-order question "was not before [the court] in that case." *Gen. Steel*, 840 F.3d at 1181 n.2. This outcome – and the rejection of Defendants' argument here – follows naturally from the Supreme Court's admonition that litigants should "not . . . play word games with the concept of a 'right not to be tried.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801 (1989); *see also Segni v. Com. Off. of Spain*, 816 F.2d 344, 346 (7th Cir. 1987)

(Posner, J.) ("[T]he description of a defense as an 'immunity' . . . does not resolve the issue whether the denial of the immunity is a collateral order.").

### B. By its text, Section 230 is a routine preemption provision, not an immunity from suit.

Leaving aside Defendants' overreliance on irrelevant dicta, they also misread Section 230 and how this Court has interpreted it.

Start with Section 230(e)(3), which provides in relevant part, "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." This subsection simply says that inconsistent state-law claims are preempted. Mot. at 6; *accord Gen. Steel*, 840 F.3d at 1182. This Court has said as much, including in a case Defendants cite for this point. *Bride*, 112 F.4th at 1177 ("preempting state law"); *Lemmon v. Snap, Inc.*, 995 F.3d 1085, 1090 (9th Cir. 2021) ("explicitly preempting any state or local law inconsistent with this section"). But preemption provisions are not immunities from suit subject to the collateral-order doctrine. *SolarCity*, 859 F.3d at 726.[4]

Defendants' analysis of Section 230(c)(1) fares no better. This subsection does not refer to immunity from "suit" or whether a covered entity must stand trial.

---

[4] Plaintiffs' interpretation does not result in surplusage. Congress's distinction between "liability [that] may be imposed" and any "cause of action [that] may be brought" could well have meant that Section 230 applied to both existing (as of enactment) and future claims. *Zeran v. Am. Online, Inc.*, 958 F. Supp. 1124, 1136 n.27 (E.D. Va.), *aff'd*, 129 F.3d 327 (4th Cir. 1997).

-5-

It says: "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Its language is thus a far cry from the clear statement this Court requires before concluding a statute confers immunity from suit. *Cf. Hampton v. California*, 83 F.4th 754, 762 (9th Cir. 2023) (statute provided immunity "from suit" (quoting 42 U.S.C. § 247d-6d(a)(1)); *DC Comics v. Pac. Pictures Corp.*, 706 F.3d 1009, 1013 (9th Cir. 2013) (statute "explicitly provides for immediate appeals"). The lack of "an explicit statutory or constitutional guarantee that trial will not occur" makes clear this subsection does not provide the immunity Defendants claim. *Gen. Steel*, 840 F.3d at 1181–82 (quoting *Midland Asphalt*, 489 U.S. at 01).[5]

Finally, Defendants admit that Section 230 is an affirmative defense. Opp'n at 13. Typically, the denial of an affirmative defense is not appealable. *Nunag-Tanedo v. E. Baton Rouge Parish Sch. Bd.*, 711 F.3d 1136, 1141 (9th Cir. 2013). Defendants' only citation in support of their position that the collateral-order doctrine applies to affirmative defenses, *Pistor v. Garcia*, 791 F.3d 1104 (9th Cir. 2015), concerned tribal sovereign immunity, which falls within the "limited category" of "particularly important immunities from suit" subject to immediate

---

[5] *United States v. Pangang Group Co.*, 6 F.4th 946, 952 (9th Cir. 2021), a criminal appeal, has nothing to say about *Midland Asphalt*'s applicability to civil appeals.

appeal. *SolarCity*, 859 F.3d at 725. That distinction is significant in light of the Supreme Court's instruction that courts must hesitate to "expand[] the narrow scope of the collateral order doctrine." *United States v. Acad. Mortg. Corp.*, 968 F.3d 996, 1008 (9th Cir. 2020) (citing *Will v. Hallock*, 546 U.S. 345, 350 (2006)).

## II.     The Collateral-Order Factors Do Not Otherwise Support This Appeal.

Even if Section 230 were an immunity from suit, Defendants would still have to show the District Court's orders "(1) conclusively determine[d] the disputed question; (2) resolve[d] an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 105 (2009). Their supposed appeal fails on all counts.

### A.     The District Court's orders are not effectively unreviewable.

The third factor – which asks "whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order" – is often the "decisive consideration." *Id.* at 107 (quotation marks omitted). Section 230 does not fit into the narrow "class of claims" that are impossible to vindicate following final judgment. *Id.*

Contrary to Defendants' argument, the "importance" of Section 230 is not enough. *Id.* at 108. As it has with Section 230, this Court has "emphasized the importance of resolving First Amendment cases at the earliest possible junction." *Green v. Miss U.S. of Am., LLC*, 52 F.4th 773, 800 (9th Cir. 2022). But the denial

-7-

of a motion to dismiss on First Amendment grounds is not immediately appealable. *Nunag-Tanedo*, 711 F.3d at 1141; *Segni*, 816 F.2d at 346.

Nor does Section 230 imperil the type of "substantial public interest[] that counts when asking whether an order is 'effectively' unreviewable if review is to be left until later." *Will*, 546 U.S. at 353 (citation omitted). These interests include "honoring the separation of powers, preserving the efficiency of government and the initiative of its officials, respecting a State's dignitary interests, and mitigating the government's advantage over the individual." *Id.* at 352–53. The only supposed burdens at issue here – preparing for trial generally or litigation costs – are not sufficient. *Childs v. San Diego Fam. Hous. LLC*, 22 F.4th 1092, 1097 (9th Cir. 2022); *Acad. Mortg. Corp.*, 968 F.3d at 1005.

Defendants contend that "free exchange of information and ideas over the Internet" and "free speech and other public interests" implicate a public interest akin to qualified immunity. Opp'n at 14, 16. This Court has rejected attempts to analogize other supposed immunities to qualified immunity when – as here – the relevant interests have no overlap with "the substantial public interest in inducing officials to show reasonable initiative when the relevant law is not clearly established." *Childs*, 22 F.4th at 1099 n.4 (quotation marks omitted); *see also Gen. Steel*, 840 F.3d at 1182 (declining to "extend immunity from suit to a private party without a statutory basis").

In the end, Defendants cannot articulate a reason to bring Section 230 into the limited circle of immunities whose denial commands immediate review. Viewed in this light, the Sixth Circuit's holding in *Jones v. Dirty World Entertainment Recordings LLC*, No. 12-5133 (6th Cir. May 9, 2012), that a defendant could not "demonstrate how a substantial public interest will be imperiled by" denying collateral review of a Section 230 defense is not "inconsistent" (Opp'n at 16) with its ultimate post-verdict conclusion that Section 230 applied.

### B. The District Court has not conclusively determined the issue on appeal.

Regardless of this appeal, litigation will continue on all of Plaintiffs' claims. Opp'n at 4. And the District Court's orders are not even conclusive as to Section 230; the court explicitly signaled that it would address this defense again after discovery. Mot. at 9. Given the "inherently tentative" nature of these rulings, interlocutory review is neither necessary nor appropriate. *Greensprings Baptist Christian Fellowship Tr. v. Cilley*, 629 F.3d 1064, 1068 (9th Cir. 2010).

### C. The issue Defendants seek to appeal is not separate from the merits.

Finally, the extent to which Plaintiffs' failure-to-warn claims are barred by Section 230 (the only issue in this purported appeal) "depends largely on whether" the underlying alleged defects are, themselves, third-party conduct subject to

Section 230. *Doe I v. Burton*, 85 F.3d 635, 1996 WL 252825, at *2 (9th Cir. 1996) (unpublished). In response, Defendants cite only cases on appeal after final judgment, a distinct procedural posture. Opp'n at 17–18; *see infra* Part I.A. That Plaintiffs' "claims turn[] on a number of merits issues" (Opp'n at 18 n.8) is also irrelevant to whether the District Court's Section 230 analysis overlaps with Defendants' appeal.

### III.   The Court Should Not Dismiss Plaintiffs' Conditional Cross-Appeal.

If the Court does not dismiss the appeal, it should allow Plaintiffs' conditional cross-appeal to proceed. Defendants' argument for dismissal is that "[t]o the extent [P]laintiffs seek to raise issues *not* necessary to resolution of [Defendants'] appeal, this Court lacks jurisdiction to review them." Opp'n at 20. Such a conclusory and "bare assertion" amounts to waiver of this supposed argument for dismissal. *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). Regardless, this Court would have pendent appellate jurisdiction because the two appeals "concern[] the same legal issue" and Plaintiffs' cross-appeal could resolve the appeal in its entirety. *Arc of Cal. v. Douglas*, 757 F.3d 975, 993 (9th Cir. 2014).

### CONCLUSION

Plaintiffs-Appellees respectfully request that this Court dismiss Defendants-Appellants' appeals for lack of jurisdiction or, in the alternative, deny Defendants-Appellants' motion to dismiss Plaintiffs-Appellees' conditional cross-appeal.

-11-

Dated: January 21, 2025  Respectfully submitted,

By: */s/ Lexi J. Hazam*
Lexi J. Hazam

By: */s/ Previn Warren*
Previn Warren

*MDL Co-Lead Counsel for Plaintiffs-Appellees Personal Injury Plaintiffs and School District Plaintiffs*