# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA; et al., | No. 24-7032 |
| Plaintiffs - Appellees, | D.C. Nos.<br>4:23-cv-05448-YGR<br>4:22-md-03047-YGR |
| and | Northern District of California, Oakland |
| STATE OF NORTH DAKOTA, ex rel. Drew H. Wrigley and STATE OF GEORGIA, ex rel. Christopher M. Carr, | |
| Plaintiffs, | |
| v. | |
| META PLATFORMS, INC.; et al., | |
| Defendants - Appellants. | |
| PERSONAL INJURY PLAINTIFFS; et al., | No. 24-7037 |
| Plaintiffs - Appellees, | D.C. No.<br>4:22-md-03047-YGR |
| v. | Northern District of California, Oakland |
| META PLATFORMS, INC., f/k/a Facebook, Inc.; et al., | |
| Defendants - Appellants, | |
| and | |
| SNAP INC.; et al., | |
| Defendants. | |

*Cover page continued on next page*

STATE OF COLORADO,

        Plaintiff - Appellant,

and

PEOPLE OF THE STATE OF
CALIFORNIA; et al.,

        Plaintiffs,

  v.

META PLATFORMS, INC.; et al.,

        Defendants - Appellees.

No. 24-7265

D.C. No.
4:23-cv-05448-YGR
Northern District of California,
Oakland

---

MULTISTATE ATTORNEY GENERAL
PLAINTIFFS,

        Plaintiff - Appellant,

and

PERSONAL INJURY PLAINTIFFS; et al.,

        Plaintiffs,

  v.

META PLATFORMS, INC.; et al.,

        Defendants - Appellees,

and

N.B.,

        Defendant.

No. 24-7300

D.C. No.
4:22-md-03047-YGR
Northern District of California,
Oakland

*Cover page continues on next page*

|  |  |
|---|---|
| PERSONAL INJURY PLAINTIFFS; et al.,<br><br>        Plaintiffs - Appellees,<br><br>  v.<br><br>BYTEDANCE LTD; et al.,<br><br>        Defendants - Appellants,<br><br>and<br><br>META PLATFORMS, INC.; et al.,<br><br>        Defendants. | No. 24-7312<br><br>D.C. No.<br>4:22-md-03047-YGR<br>Northern District of California, Oakland |
| PERSONAL INJURY PLAINTIFFS and LOCAL GOVERNMENT AND SCHOOL DISTRICT PLAINTIFFS,<br><br>        Plaintiffs - Appellants,<br><br>and<br><br>MULTISTATE ATTORNEY GENERAL PLAINTIFFS,<br><br>        Plaintiffs,<br><br>  v.<br><br>FACEBOOK HOLDINGS, LLC; et al.,<br><br>        Defendants - Appellees. | No. 24-7304<br><br>D.C. No.<br>4:22-md-03047-YGR<br>Northern District of California, Oakland<br><br><br><br>**META DEFENDANTS-APPELLANTS' REPLY IN SUPPORT OF CROSS-MOTION TO DISMISS PLAINTIFFS-APPELLEES' CONDITIONAL CROSS-APPEALS** |

*Cover page continues on next page*

James P. Rouhandeh (*pro hac vice*)
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Email: rouhandeh@davispolk.com

Paul W. Schmidt (*pro hac vice*)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Email: pschmidt@cov.com

*Attorneys for Defendants-Appellants*
*Meta Platforms, Inc. f/k/a Facebook, Inc.; Meta Payments Inc.;*
*Meta Platforms Technologies, LLC f/k/a Facebook Technologies, LLC;*
*Facebook Holdings, LLC; Facebook Operations, LLC;*
*Facebook Payments, Inc.; Instagram, LLC; and Siculus, Inc.*

# TABLE OF CONTENTS

PAGE

INTRODUCTION ...................................................................................................1

ARGUMENT .........................................................................................................2

    I.      This Court Lacks Jurisdiction Over Plaintiffs' Cross-Appeals.............2

            A.     It Is Undisputed That There Is No Independent Basis to
                    Exercise Jurisdiction Over the Cross-Appeals............................2

            B.     This Court Lacks Pendent Appellate Jurisdiction Over the
                    Cross-Appeals .................................................................................3

    II.     In Deciding the Immunity Question Raised by Meta's Appeal, This
          Court May Consider Other Parts of the District Court's Orders
          Without Exercising Jurisdiction Over the Cross-Appeals ...................10

CONCLUSION .....................................................................................................10

# TABLE OF AUTHORITIES

PAGE(S)

*Arc of Cal. v. Douglas*,
  757 F.3d 975 (9th Cir. 2014) ................................................................. 8-9

*Burlington N. & Santa Fe Ry. Co. v. Vaughn*,
  509 F.3d 1085 (9th Cir. 2007) .................................................................. 8

*CDK Glob. LLC v. Brnovich*,
  16 F.4th 1266 (9th Cir. 2021) ................................................................... 8

*Cunningham v. Gates*,
  229 F.3d 1271 (9th Cir. 2000), *as amended* (Oct. 31, 2000) ...................... 1, 3-4

*Dominguez v. Better Mortg. Corp.*,
  88 F.4th 782 (9th Cir. 2023) ............................................................... 4, 5, 6

*K.W. ex rel. D.W. v. Armstrong*,
  789 F.3d 962 (9th Cir. 2015) ..................................................................... 6

*Meredith v. Oregon*,
  321 F.3d 807 (9th Cir. 2003) ................................................................... 6-7

*Poulos v. Caesars World, Inc.*,
  379 F.3d 654 (9th Cir. 2004) ............................................................... 6, 7, 9

*Raynal v. Nat'l Audubon Soc'y*,
  593 F. App'x 725 (9th Cir. 2015) ............................................................... 7

*State of Cal., on Behalf of Cal. Dep't of Toxic Substances Control v. Campbell*,
  138 F.3d 772 (9th Cir. 1998) ..................................................................... 9

*Swint v. Chambers Cty. Comm'n*,
  514 U.S. 35 (1995) ............................................................................ 2, 3, 4, 9

*Thompson v. Runnels*,
  705 F.3d 1089 (9th Cir. 2013) ................................................................. 10

*United States v. Decinces*,
  808 F.3d 785 (9th Cir. 2015) ..................................................................... 6

## STATUTES & RULES

47 U.S.C. § 230 ............................................................... 1, 2, 5, 6, 7, 9

## INTRODUCTION

Plaintiffs[1] urge this Court to contravene the final judgment rule and expand the narrow pendent appellate jurisdiction doctrine to hear their cross-appeals. This Court has jurisdiction to hear Meta's appeal under the collateral order doctrine because Meta appeals the denial of the immunity from suit to which Meta is entitled under Section 230, based on the statutory language and this Court's binding precedent. The cross-appeals, by contrast, do not involve the denial of immunity from suit, and it is undisputed that there is no independent jurisdictional basis for this Court to exercise jurisdiction over those cross-appeals.

Nor do plaintiffs' cross-appeals satisfy the stringent requirements of pendent appellate jurisdiction. The issues raised in the cross-appeal are not "inextricably intertwined" with the immunity from suit question raised by Meta's appeal, and review of the district court's rulings on the applicability of Section 230 rulings to the underlying platform features is not "necessary to ensure meaningful review" of the immunity from suit question. *Cunningham v. Gates*, 229 F.3d 1271, 1284 (9th Cir. 2000), *as amended* (Oct. 31, 2000). This Court must therefore dismiss plaintiffs' cross-appeals for lack of jurisdiction. Any other result would defy the

---

[1] Defined terms used herein have the same meaning as in Meta's Opposition to Plaintiffs' Motion to Dismiss Meta's Appeal and Cross-Motion to Dismiss Plaintiffs' Conditional Cross-Appeals, Appeal No. 24-7032, Dkt. 71 ("Meta's Cross-Motion").

Supreme Court's directive that parties cannot "parlay *Cohen*-type collateral orders into multi-issue interlocutory appeal tickets." *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 49-50 (1995).

Even if the Court were to conclude that an issue raised by the cross-appeals were "antecedent" to the narrow immunity from suit question raised by Meta's appeal, that would not require exercising jurisdiction over the cross-appeals. The Court may consider any such aspect of the district court's orders in deciding Meta's collateral order appeal, over which it clearly has jurisdiction.

## ARGUMENT

### I. This Court Lacks Jurisdiction Over Plaintiffs' Cross-Appeals

#### A. It Is Undisputed That There Is No Independent Basis to Exercise Jurisdiction Over the Cross-Appeals

Unlike Meta's appeal, there is no independent basis for this Court to exercise jurisdiction over plaintiffs' cross-appeals. Meta's appeal presents the narrow question of whether the district court erred in denying Meta immunity from suit under Section 230, contrary to the language of the statute and clear precedent. The jurisdictional basis for Meta's appeal is straightforward: Meta appeals from the district court's FTW Rulings, which deprived Meta of the immunity from suit to which it is entitled under Section 230. The collateral order doctrine is tailor-made for this case—absent Meta's appeal, it would be required to litigate claims despite being entitled to immunity from suit. The district court's FTW Rulings are

therefore immediately appealable. Through vague and broadly worded notices of cross-appeal, plaintiffs seek to invite the Court to review a host of other issues. *See* 4:22-md-03047-YGR, Dkt. 1386, at 2 ("[T]he State Attorney General Plaintiffs hereby notice their cross-appeal … from the district court's Order."); 4:22-md-03047-YGR, Dkt. 1388, at 1 ("[PI/SD] Plaintiffs cross-appeal so that the Court may consider all issues presented in the … relevant orders."). Plaintiffs' attempt to hitch their cross-appeals of most or all of the district court's order to the narrow and distinct immunity from suit question is improper and must fail.

### B. This Court Lacks Pendent Appellate Jurisdiction Over the Cross-Appeals

Contrary to plaintiffs' assertions,[2] their cross-appeals do not meet the stringent requirements of pendent appellate jurisdiction.[3] "Pendent appellate jurisdiction refers to the exercise of jurisdiction over issues that ordinarily may not

---

[2] *See* Plaintiffs-Appellees State AGs' Reply in Support Motion to Dismiss Appeal for Lack of Jurisdiction and Opposition to Cross-Motion to Dismiss Plaintiffs' Appellees' Conditional Cross-Appeals, Appeal No. 24-7032, Dkt. 74 ("State AGs' Opp."), at 10-11; Plaintiffs-Appellees' Reply in Support Motion to Dismiss Meta's Appeal and Opposition to Cross-Motion to Dismiss Conditional Cross-Appeal, Appeal No. 24-7032, Dkt. 73 ("PI/SDs' Opp."), at 10.

[3] The PI/SD plaintiffs' attempt to assert waiver is plainly invalid. *See* PI/SDs' Opp. at 10. Meta expressly asserted in its cross-motion that this Court lacks pendent appellate jurisdiction over the cross-appeals, citing relevant authority. *See* Meta's Cross-Motion at 20 (citing *Swint*, 514 U.S. at 49-50). Meta now elaborates on that argument.

be reviewed on interlocutory appeal, but may be reviewed on interlocutory appeal if raised in conjunction with other issues properly before the court." *Cunningham*, 229 F.3d at 1284. The Supreme Court has established "a general rule against exercising pendent jurisdiction over related rulings," with a limited exception when rulings are "inextricably intertwined" or "if review of the pendent issue [is] necessary to ensure meaningful review of the independently reviewable issue." *Id.* (citing *Swint*, 514 U.S. at 50-51). Neither condition is met here. Exercising jurisdiction over the cross-appeals here would set a dangerous and unworkable precedent, expanding the doctrine beyond its narrow purpose.

First, the immunity from suit issue properly raised by Meta's appeal is not "inextricably intertwined" with the issue raised by plaintiffs' cross-appeals. This Court "ha[s] consistently interpreted 'inextricably intertwined' very narrowly." *Cunningham*, 229 F.3d at 1284. Issues are "inextricably intertwined" only if the court "*must* decide the pendent issue in order to review the claims properly raised on interlocutory appeal … [or] resolution of the issue properly raised on interlocutory appeal *necessarily* resolves the pendent issue." *Dominguez v. Better Mortg. Corp.*, 88 F.4th 782, 795 (9th Cir. 2023) (citation omitted) (emphasis added).

Contrary to plaintiffs' theory of jurisdiction, the Court need not decide the question raised by their cross-appeals in order to review the issue properly raised in

Meta's appeal. *See* State AGs' Opp. at 11 ("If Section 230 does not bar the unfairness claims … , the question Meta seeks to raise is answered."); PI/SDs' Opp. at 10 ("Plaintiffs' cross-appeal could resolve this appeal in its entirety."). Plaintiffs miss the point of Meta's collateral order appeal, which presents the question of *whether the district court erred in failing to extend immunity from suit* under Section 230 to bar the failure to warn claims against Meta. To answer that question, this Court need not exercise jurisdiction over the cross-appeals and undertake review of the district court's other Section 230 rulings.

Nor would resolution of the issue raised in Meta's appeal necessarily resolve the cross-appeals. Specifically, answering the question of whether Meta's immunity from suit should extend to the failure to warn claims would not resolve the question of whether the district court properly applied Section 230 to the underlying platform features. *See Dominguez*, 88 F.4th at 795.

Any factual or legal overlap between the FTW Rulings and the underlying Section 230 rulings does not compel a different conclusion. Plaintiffs contend that this Court has pendent appellate jurisdiction over their cross-appeals because they "concern[] the same legal issue" as Meta's appeal, *see* PI/SDs' Opp. at 10, "and both involve the application of the same legal standards to the same set of Meta's platform features." *See* State AGs' Opp. at 11. But this Court's precedent makes clear that any such overlap is insufficient on its own to establish pendent

5

jurisdiction. For example, in *Dominguez*, this Court declined to exercise

jurisdiction over the pendent issue where "[b]oth issues involve[d] the same facts

and analysis of whether [the defendant's] communications were misleading"

because "more is required for pendent appellant jurisdiction than just having

separate issues rest on common facts." 88 F.4th at 794. The Court further held

that, although "[t]here is substantial overlap, both factual and legal, … the outcome

of one does not necessarily control the outcome of the other." *Id.* at 795; *see also*

*United States v. Decinces*, 808 F.3d 785, 792-93 (9th Cir. 2015) (declining to

exercise pendent jurisdiction because, despite "common facts," the appeals

presented legal issues that were "largely distinct"). That inextricable link is also

lacking here.

Second, review of the district court's rulings applying Section 230 to the

underlying platform features is not "necessary to ensure meaningful review" of

Meta's appeal. As with the "inextricably intertwined" prong, this Court

"construe[s] the … 'necessary to ensure meaningful review' prong narrowly."

*K.W. ex rel. D.W. v. Armstrong*, 789 F.3d 962, 976 (9th Cir. 2015). For example,

in concluding that review of a *Younger* abstention decision was "necessary to

ensure meaningful review" of a preliminary injunction decision on appeal, this

Court "took pains to cabin [its] holding" to the "unique factual context, in which a

district court's actions had the potential to seriously alter the relationship between

6

the parties and directly interfere with a state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 669-70 (9th Cir. 2004) (citing *Meredith v. Oregon*, 321 F.3d 807 (9th Cir. 2003)). Accordingly, in *Poulos*, this Court held that review of a *Burford* abstention issue was not "necessary to ensure meaningful review" of the class certification issue properly on appeal because the party seeking review of the pendent issue failed to "explain how [the] certification analysis hinges on or impugns the *Burford* question." *Id.* at 671.

Similarly, in *Raynal v. National Audubon Society*, National Audubon Society appealed the denial of an anti-SLAPP motion via the collateral order doctrine, and the plaintiffs cross-appealed the partial grant of summary judgment on most of their claims. 593 F. App'x 725, 725 (9th Cir. 2015). This Court dismissed the cross-appeal for lack of pendent jurisdiction because "review of [the summary judgment] order [was] not necessary to ensure meaningful review of[] the anti-SLAPP decision." *Id.* at 726.

Here, the rulings that plaintiffs seek to appeal similarly do not "fit the narrow mold of *Swint* or *Meredith*." *Poulos*, 379 F.3d at 671. The question of whether the district court was correct in finding that Section 230 applies to the underlying platform features is not "logically antecedent" to the immunity from suit question raised by Meta's appeal. *See* State AGs' Opp. at 10-11. If any question is "antecedent" to Meta's appeal, it is whether Section 230 provides

7

immunity from suit. That is the only question that this Court needs to address in order to resolve Meta's appeal.

The three cases on which plaintiffs collectively rely do not support finding jurisdiction over the cross-appeals here. *See* State AGs' Opp. at 10-11; PI/SDs' Opp. at 10. Most fundamentally, in the two cases that the State AGs cite for the proposition that this Court should hear their cross-appeal, this Court declined to exercise pendent appellate jurisdiction. *See CDK Global LLC v. Brnovich*, 16 F.4th 1266, 1273-74 (9th Cir. 2021); *Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1094 (9th Cir. 2007). And in both of those cases, this Court found that rulings presented by the cross-appeal did not meet the high bar for pendent appellate jurisdiction, even though they were arguably related to the rulings properly on appeal. *See Brnovich*, 16 F.4th at 1273-74 (finding no pendent jurisdiction to review dismissal of certain claims in connection with appeal from order denying preliminary injunction as to the remaining claims); *Burlington*, 509 F.3d at 1094 (finding no pendent jurisdiction to review denial of motion to dismiss claims for failure to exhaust tribal remedies in connection with properly appealed order denying tribal sovereign immunity from suit). And *Arc of California v. Douglas*, in which this Court took the exceptional step of exercising pendent jurisdiction, is readily distinguishable from this case. 757 F.3d 975 (9th Cir. 2014). There, the orders presented by both the appeal and the cross-appeal—a

8

denial of a preliminary injunction of Medicaid Act claims and a dismissal of those same Medicaid Act claims—contained "several pages of … *identical* language" and the district court's decision in each turned on "the selfsame reason." *Id.* at 994. Here, denial of Section 230 immunity from suit as to the failure to warn claims—the only issue presented by Meta's appeal—is not based on the "selfsame reason" for finding that Section 230 protects certain platform features.

Because the cross-appeals do not satisfy the well-established, narrow test for pendent jurisdiction, and the issues they raise may be reviewed after final judgment, there is no reason for this Court to hear the cross-appeals now and run afoul of its repeated admonition against expanding the pendent appellate jurisdiction regime. *See State of Cal., on Behalf of Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 778 (9th Cir. 1998) (A broad pendent jurisdiction regime undermines "Congress' statutory arrangement" controlling the timing of appellate proceedings.); *Poulos*, 379 F.3d at 670 (noting the Ninth Circuit has "acknowledged the Supreme Court's reluctance to expand the scope of an interlocutory appeal" (internal quotation marks omitted)). Plaintiffs should not be permitted to "parlay *Cohen*-type collateral orders into multi-issue interlocutory appeal tickets." *See Swint*, 514 U.S. at 50.

9

**II.** **In Deciding the Immunity Question Raised by Meta's Appeal, This Court May Consider Other Parts of the District Court's Orders Without Exercising Jurisdiction Over the Cross-Appeals**

It is not necessary for this Court to exercise jurisdiction over plaintiffs' cross-appeals in order to consider other aspects of the district court orders if the Court were to decide to do so. As set forth above, there is no independent or pendent jurisdictional basis for plaintiffs' cross-appeals. Failing to dismiss the cross-appeals for lack of jurisdiction would therefore contravene the final judgment rule and improperly expand the pendent appellate jurisdiction doctrine. Even if the Court were to conclude, however, that it must consider aspects of the district court's orders outside the FTW Rulings in order to resolve Meta's appeal (which Meta maintains it does not), the Court may do so without exercising jurisdiction over the cross-appeals. *See Thompson v. Runnels*, 705 F.3d 1089, 1098 (9th Cir. 2013) ("Once an issue or claim is properly before the court, the court is … free to consider an issue antecedent to … it." (internal quotation marks and citation omitted)).

## CONCLUSION

For the reasons set forth herein and in Meta's cross-motion, Meta respectfully requests that this Court dismiss plaintiffs' conditional cross-appeals.

Dated:  January 28, 2025                    Respectfully submitted,


DAVIS POLK & WARDWELL LLP

*/s/ James P. Rouhandeh*

James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
Antonio J. Perez-Marques (*pro hac vice*)
antonio.perez@davispolk.com
Caroline Stern (*pro hac vice*)
caroline.stern@davispolk.com
Corey M. Meyer (*pro hac vice*)
corey.meyer@davispolk.com
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

COVINGTON & BURLING LLP

*/s/ Paul W. Schmidt*

Paul W. Schmidt (*pro hac vice*)
pschmidt@cov.com
Phyllis A. Jones (*pro hac vice*)
pajones@cov.com
Mark W. Mosier (*pro hac vice*)
mmosier@cov.com
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291

*Attorneys for Defendants-Appellants*
*Meta Platforms, Inc. f/k/a Facebook,*
*Inc.; Meta Payments Inc.; Meta*
*Platforms Technologies, LLC f/k/a*
*Facebook Technologies, LLC; Facebook*

11

12

*Holdings, LLC; Facebook Operations, LLC; Facebook Payments, Inc.; Instagram, LLC; and Siculus, Inc.*